**United States District Court for the Northern
District of Georgia Atlanta Division**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**MAR 27 2026**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

KATHLEEN BILLINGSLEA,

Plaintiff,

v.

CREDIT CORP SOLUTIONS INC.,

Defendant.

Civil Action No. _____

**1 : 26 -CV- 1 6 5 4**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff brings this action against Defendant Credit Corp Solutions Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

2. This case arises from Defendant's conduct in attempting to collect an alleged consumer debt while simultaneously reporting the alleged account to consumer reporting agencies despite the debt being disputed, unverified, and lacking sufficient documentation establishing its origin or validity.

3. Defendant has continued to furnish information concerning the alleged debt to consumer reporting agencies and has initiated litigation in state court in an attempt to collect the alleged obligation despite never validating the debt.

4. Because the alleged account remains inaccurate, incomplete, and unverifiable, Defendant's conduct violates both the FCRA and the FDCPA.

5. As a result of Defendant's actions, Plaintiff has suffered harm, including damage to credit reputation, emotional distress, and loss of time addressing Defendant's improper collection activity.

## II. PARTIES

1. Plaintiff is a natural person residing in the United States.

1. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

1. Plaintiff is also a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

1. Defendant Credit Corp Solutions Inc. is a company engaged in the business of collecting consumer debts allegedly owed to another.

1. Defendant regularly attempts to collect debts through the use of the mails, telephone, and interstate commerce.

1. Defendant is therefore a "debt collector" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

1. Defendant also furnishes information concerning alleged debts to consumer reporting agencies and therefore acts as a furnisher of information under the Fair Credit Reporting Act, 15 U.S.C. §1681s-2.

## III. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States.

1. Jurisdiction is specifically conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k(d).

2

1.    Venue is proper pursuant to 28 U.S.C. §1391 because Defendant conducts business within this judicial district and the acts giving rise to this action occurred within this judicial district.

## IV. FACTUAL ALLEGATIONS

1.    Defendant Credit Corp Solutions Inc. is furnishing an alleged collection account to consumer reporting agencies in Plaintiff's credit file.

1.    The alleged account appears on Plaintiff's consumer credit reports as a collection account reported by Defendant.

1.    Plaintiff does not recognize the alleged debt and does not have knowledge of the origin of the alleged account.

1.    The credit reporting associated with the alleged account does not clearly identify the original creditor or provide sufficient information to determine the origin of the alleged obligation.

1.    Because the origin of the alleged debt cannot be identified and the underlying documentation has not been produced, the account is inaccurate and incomplete.

1.    Plaintiff disputed the alleged account and requested validation of the alleged debt.

1.    Defendant failed to provide documentation verifying the alleged obligation.

1.    Defendant has not produced a signed agreement, account statements, assignment documentation, or other evidence demonstrating that Plaintiff owes the alleged debt.

1.    Despite the absence of validation, Defendant continued to furnish information regarding the alleged account to consumer reporting agencies.

1.    Every tradeline reported on a consumer credit report must be accurate, complete, and capable of verification.

3

1.     Because Defendant has failed to validate the alleged debt and has not produced documentation identifying the origin of the alleged account, the reporting of the account is inaccurate, incomplete, and unverifiable.

1.     Upon information and belief, Plaintiff disputed the alleged account with the consumer reporting agencies.

1.     Upon receiving notice of the dispute from the consumer reporting agencies, Defendant had a duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation of the disputed information.

1.     Defendant failed to conduct a reasonable investigation of the disputed account.

1.     Defendant continued furnishing information regarding the alleged debt despite the absence of verification.

1.     In addition to reporting the alleged account to consumer reporting agencies, Defendant initiated a lawsuit in state court in an attempt to collect the alleged debt.

1.     Defendant initiated the litigation despite never validating the alleged debt and despite the account remaining disputed and unverifiable.

1.     Filing litigation to collect a debt that has not been validated and cannot be substantiated constitutes an unfair and deceptive debt collection practice.

1.     Defendant's actions forced Plaintiff to expend time and resources responding to collection activity and litigation concerning an alleged debt that remains unverified.

1.     Defendant's conduct has harmed Plaintiff's credit reputation and caused emotional distress, frustration, and disruption to Plaintiff's financial affairs.

1.     Defendant's actions were willful and taken in reckless disregard of Plaintiff's rights under federal law.

## V. CAUSES OF ACTION

### COUNT I

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. §§1681n, 1681o, 1681s-2(b)

1. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

1. Defendant is a furnisher of information to consumer reporting agencies.

1. Defendant received notice of Plaintiff's dispute concerning the alleged account.

1. Upon receiving notice of the dispute, Defendant was required to conduct a reasonable investigation.

1. Defendant failed to conduct a reasonable investigation of the disputed information.

1. Defendant continued furnishing inaccurate, incomplete, and unverifiable information concerning the alleged account.

1. Defendant's conduct violated 15 U.S.C. §1681s-2(b).

1. Defendant's violations were willful and/or negligent.

1. Plaintiff suffered damages as a result of Defendant's conduct.

### COUNT II

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. §§1692e, 1692f, 1692g

1. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

1. Defendant is a debt collector within the meaning of the FDCPA.

1. Defendant attempted to collect an alleged debt that had not been validated.

1. Defendant misrepresented the legal status and validity of the alleged debt.

1. Defendant filed litigation in state court in an attempt to collect the alleged obligation despite the debt remaining unverified.

1. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

1. Defendant's actions violate 15 U.S.C. §§1692e, 1692f, and 1692g.

1. Defendant's conduct was intentional and in reckless disregard of Plaintiff's rights.

## VI. DAMAGES

1. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including damage to credit reputation, emotional distress, frustration, and loss of time.

1. Plaintiff is entitled to actual damages.

1. Plaintiff is entitled to statutory damages under the FDCPA.

1. Plaintiff is entitled to punitive damages under the FCRA.

1. Plaintiff is entitled to costs of litigation and attorney's fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant and award:

1. Actual damages.

1. Statutory damages.

1. Punitive damages.

1. Costs of litigation.

1. Attorney's fees.

1. Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

1. Plaintiff demands a trial by jury on all issues so triable.

6

## IX. SIGNATURE

Respectfully submitted,


Kathleen Billingslea

Plaintiff, Pro Se

Date

76 Howell Dr SW

Atlanta, GA 30331

Email: miss15kat.kb@gmail.com

Tel: 4048397965